IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | 3:06-CR-00057-MHT |
| ) | |
| ORAS KEITH DRIVER ) | |

### ORDER ON MOTION FOR DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court convened a detention hearing on this 7th day of September, 2006, pursuant to the *Government's Motion for Detention Hearing* (Doc. 4, September 5, 2006). Upon due consideration of the testimonial evidence, the court conclude that the following facts require the detention of the defendant, Oras Keith Driver ("Driver") pending trial in this case.

### Part I - Findings of Fact

There is a serious risk that the defendant will not appear as required.

### Part II - Written Statement of Reasons for Detention

Credible testimony from Deputy United States Marshal Athon Reeves and United States Probation Officer Tamara Martin established compellingly that Driver poses a significant flight risk if released on bond and conditions. On or around March 2, 2006, Deputy Marshal Reeves ("the Marshal") undertook to serve a warrant for Driver's arrest after his March 1, 2006, indictment for knowingly possessing a firearm while being an unlawful user and addicted to a controlled substance (count I) and for knowingly and intentionally possessing marijuana (count 2). The Marshal traveled to the Opelika home of Driver's mother and stepfather and was advised by Driver's brother that Driver's whereabouts were

unknown. Apparently retrieving the Marshal's contact card left at his mother's house, Driver telephoned the Marshal shortly thereafter and made arrangements to turn himself in to the Marshal's office the next morning.

When he neither showed nor called, the Marshal began a diligent and comprehensive search for him which involved several trips by two or more deputies to the Opelika area – pursuing relatives and friends unsuccessfully for leads on Driver's whereabouts; the Marshal also received assistance from Lee Co. law enforcement investigators, the Opelika police department, and a Chambers Co. bondsman who had secured Driver's release on state charges. The Marshal followed any and all leads and investigated all databases; relatives and friends reported consistently not having seen Driver for a significant time and having no information about his employment or residence. The Marshal's persistence continued until he secured Driver's arrest on September 1, 2006, at the Talladega Co. residence of Driver's girlfriend, Teneshia Nunn, who is also the mother of Driver's three- year old son. When confronted about his failure to turn himself in as promised, Driver confirmed his telephone contact with the Marshal in March and explained that he did not keep his promise because he had no money and did not want to go to jail.

Probation officer Martin testified that Driver falsely reported his residence for the past four years as the Opelika home of his mother; when interviewed, his mother denied knowing her son's whereabouts before he moved to Childersburg in August 2006 and she expressed her unwillingness to have him released to her home. The probation officer's investigation disclosed no stable residence for Driver and a criminal history marked by two "failures to

appear" on misdemeanors and several non-appearances on traffic violations.  In her professional judgment, no conditions can be set which would reasonably ensure Driver's appearance as required.

Summoned as the defendant's only witness, Nunn declared her willingness to serve as Driver's custodian at her present home in Sylacauga.  Notwithstanding their child, Nunn acknowledged that Driver had been living with her for barely the past month and reported her belief that he had been living out of state before August.  Employed at Burger King, she did not know of his traffic citations in 1998 and 2000 for driving with a suspended license. The court finds that her subordinate relationship and employment make her ill-suited as a reliable custodian to ensure Driver's appearance for proceedings on this indictment.

Upon consideration of all the relevant evidence, the court readily concurs with the probation officer's recommendation for detention pursuant to a finding that he presents a serious risk of flight and no conditions will reasonably assure his appearance as required and the safety of the community.  It is, therefore, ORDERED that the GOVERNMENT'S MOTION (Doc. 4) is now GRANTED to the extent of its request for DETENTION.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

    DONE THIS 7th day of September, 2006.

                                               **/s/ Delores R. Boyd**
                                               DELORES R. BOYD
                                               UNITED STATES MAGISTRATE JUDGE