IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Case No.: 3:06cr57-MHT |
| ) | |
| ORAS KEITH DRIVER ) | |

**DEFENDANT'S SENTENCING POSITION STATEMENT
AND CITATIONS OF AUTHORITY**

**COMES NOW** the defendant Oras Keith Driver, by and through undersigned counsel, Michael J. Petersen and states the following in support of his request for a sentence pursuant to U.S.S.G. §5C1.1(d) and (e). Specifically, Mr. Driver requests that this Court consider a sentence of imprisonment of a total of 10 months which is comprised of 5 months of imprisonment and three years of supervised release with a condition requiring 5 months of home detention and out-patient drug treatment.

**Introduction and Procedural History**

1. On March 1, 2006, Oras Keith Driver was named in a two-count indictment filed by a Middle District of Alabama Grand Jury. Count 1 of the indictment charges that on or about April 30, 2005, in LaFayette, Alabama, Mr. Driver, did knowingly possess a firearm, specifically a Hi Point CF380, .380 caliber pistol, serial number P796901, while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Count 2 of the indictment charges that on April 30, 2005, in LaFayette, Alabama, that Mr. Driver, did knowingly and intentionally possess marijuana in violation of 21 U.S.C. § 844(a). Mr. Driver was arrested on September 1, 2006 and has been detained since that date.

1

2.    On October 19, 2006, Mr. Driver appeared before the Honorable Judge Delores R. Boyd, United States Magistrate Judge for the Middle District of Alabama and entered a guilty plea to Count 1 of the indictment pursuant to a Rule 11(c)(1)(B) pea agreement. In exchange for his guilty plea, the government agreed to recommend a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), and to dismiss Count 2 at sentencing. Mr. Driver agreed to plead guilty to Count 1 of the indictment and forfeit all firearms in his possession.

### Discussion

3.    Under the applicable sentencing guidelines, Mr. Driver's potential sentence falls within Zone C and he is eligible for a sentence consisting of a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

4.    18 U.S.C. § 3553(a) requires the court "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2) and to consider the impact of seven factors listed at 18 U.S.C. §§3553(a)(1) through (7).

5.    The "purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2) consist of four alternatives: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

6.    The seven factors identified in 18 U.S.C. § 3553(a), to be considered in imposing

sentence are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . [to meet the four purposes of 18 U.S.C. § 3553(a)(2) set out above]; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for --(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .; (5) any pertinent policy statement issued by the Sentencing Commission . . . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

   7. In the present case, the presentence report and exhibits submitted on behalf of Mr. Driver will establish the following facts relevant to these statutory criteria:

    a. This was an aberrant offense, for which Mr. Driver has admitted his culpability and is remorseful for his acts.

    b. Beginning on July 6, 1995 Mr. Driver served in the United States Army. On April 15, 1997, he was discharged Under Honorable Conditions at the rank of Private/E-3. Mr. Driver served with the 18th Brigade, 82nd Airborne Division at Ft. Bragg, North Carolina where his military occupational specialty was as a cook. Following his active duty military service, he served from June 14, 2001 to June 6, 2002, in the Alabama Army National Guard.

    c. After his active duty military service, Mr. Driver was then employed as a cook at Auburn University's Terrell Dining Facility until about September 2000. From September 2000 to March 2002, Mr. Driver was a cook at the Hilton Garden Inn in Auburn, Alabama. Which was followed by employment as a welder with Donaldson in Auburn, Alabama from August 2002 to April 2004. Mr. Driver has also been employed as a fork lift driver, welder, steel worker with

Vulcan Enterprises in Vincent, Alabama, Castone Corporation and Opelika Metal Fabrications in Opelika, Alabama, and most recently with Vulcan Binding in Vincent, AL.

    c.    Mr. Driver does not present a risk of future criminal activity and he is not in need of any of the educational, training or medical programs uniquely available in incarceration.

### Conclusion

8.    Thus, Mr. Driver's felony conviction, with its related legal disabilities, along with a sentence of five months of imprisonment followed by three years of supervised release with the condition that 5 months of supervised release be spent in home detention and out-patient drug treatment, will adequately reflect the seriousness of this offense, promote respect for the law, provide just punishment, and afford deterrence to such conduct.

9.    Every type of sentencing option is available to this Court for its consideration in this case, since no statute restricts punishment for this offense to any particular type of sentence and Defense counsel is unaware of any policy statement issued by the Sentencing Commission which would further restrict this Court's options.

10.    Since the Guidelines have established that the potential sentence for this offense (Total Offense Level 12) and this offender (Criminal History I) falls within Zone C of the United States Sentencing Guidelines, then, under U.S.S.G. § 5C1.1(d) and (e), a sentence of 5months imprisonment and 5 months home detention is authorized and appropriate.

11.    This request is further supported by exhibits and testimony submitted on Mr. Driver's behalf, which include photographs and reports concerning the proposed home detention site, his past employment, and family.

WHEREFORE, the defendant requests that this Court impose a sentence of 5 months

imprisonment and three years of supervised release with the condition that 5 months of the supervised release be spent in home confinement and an out-patient drug treatment program on Mr. Driver in this case.

Dated this 28th day of December 2006.

Respectfully submitted,

s/ Michael J. Petersen
MICHAEL J. PETERSEN
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: michael_petersen@fd.org
ASB-5072-E48M

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No.: 3:06cr57-MHT** |
| | ) | |
| **ORAS KEITH DRIVER** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kent Brunson, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104


Terrence N. Marshall
U.S. Probation Officer
One Church Street
Montgomery, Alabama 36104


        Respectfully submitted,

        **s/ Michael J. Petersen**
        MICHAEL J. PETERSEN
        Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: michael_petersen@fd.org
        ASB-5072-E48M